UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 03-6388(DSD/JSM)

Heinen & Mason, Inc., a
Minnesota corporation,

       Plaintiff,

v.                                                     **ORDER**

Polaris Sales, Inc., a
Minnesota corporation,

       Defendant.

      Curtis D. Smith, Esq., Gregory J. Wiley, Esq. and Moss &
      Barnett, 90 South Seventh Street, Suite 4800,
      Minneapolis, MN 55402, counsel for plaintiff.

      Andrew B. Bloomer, Esq., John F. Hagan, Jr., Esq. and
      Kirkland & Ellis, 200 East Randolph Drive, Suite 600,
      Chicago, IL 60601 and James J. Long, Esq., Kevin M.
      Magnuson, Esq. and Briggs & Morgan, 2200 IDS Center, 80
      South Eighth Street, Minneapolis, MN 55402, counsel for
      defendant.

This matter is before the court upon defendant's motion to dismiss for failure to state a claim upon which relief may be granted. For the reasons that follow, the motion is granted.

## BACKGROUND[1]

Plaintiff in this antitrust action, Heinen & Mason, Inc., is a retail dealer of recreational vehicles. Defendant Polaris Sales, Inc. manufactures snowmobiles, personal watercraft and all-terrain vehicles. Plaintiff and defendant were parties to a dealership agreement under which plaintiff sold defendant's products. (Heinen Aff. Ex. A "Dealership Agreement" at 1.) A dispute arose when defendant informed plaintiff that it did not intend to renew the dealership agreement at the end of its term. According to defendant, the agreement would expire naturally at the end of the contract term. Defendant claimed an absolute, unilateral right to not renew the agreement. Plaintiff, however, claimed it was a "Star Dealer," as defined in the dealership agreement. On that basis, plaintiff argued that the contract was automatically extended for one additional year.

The dealership agreement included a clause requiring the parties to arbitrate "[a]ll disputes, controversies, and claims arising out of, or in connection with ... the Agreement." (Dealership Agreement ¶ 20.) The parties submitted the issues of plaintiff's alleged status as a Star Dealer and defendant's asserted right to refuse to renew the contract to arbitration. (Magnuson Aff. Ex. B.) Before the arbitrator's decision was

---

[1] The facts in this matter are more fully set forth in the court's order of February 11, 2004.

announced, plaintiff filed the present lawsuit.  Plaintiff alleges that defendant conspired with one or more of plaintiff's competitors to unlawfully restrain competition by not renewing plaintiff's dealership agreement.

The complaint alleges, inter alia, that plaintiff is one of defendant's most successful dealerships, primarily due to its low prices.  (Compl. ¶ 9.)  It states that various competitors complained to defendant about plaintiff's pricing practices.  (Id. ¶ 11.)  Plaintiff claims that following those complaints, defendant conspired with one or more of its dealers to force plaintiff out of business.[2]  (Id. ¶¶ 11-12.)  Plaintiff contends that defendant refused to renew plaintiff's dealership agreement and sought arbitration to accomplish its illegal scheme in restraint of trade.  (Id. ¶ 13-14.)

Plaintiff initially sought a preliminary injunction to enjoin defendant from allowing the dealership agreement to expire.[3]  During the pendency of plaintiff's motion, the arbitrator issued his decision.  (Magnuson Aff. Ex. A.)  The arbitrator concluded that plaintiff did not qualify as a Star Dealer and that defendant had an "unequivocal" right to let the dealership agreement lapse.  (Id. at 1-2.)  The court subsequently denied plaintiff's motion for

---

[2] The complaint does not identify the alleged co-conspirators.

[3] Defendant voluntarily continued its relationship with plaintiff throughout the arbitration and litigation.

preliminary injunctive relief. (Order of Feb. 11, 2004.) Defendant now moves to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6).

**DISCUSSION**

**I. Legal Standards**

On a motion to dismiss, the court must take the allegations in the complaint as true, view the complaint in the light most favorable to the plaintiff, and dismiss the claim "'only if it is clear that no relief can be granted under any set of circumstances that could be proved consistent with the allegations.'" Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993) (quoting Hishun v. King & Spalding, 476 U.S. 69, 73 (1984)). The court may consider "materials that are 'necessarily embraced by the pleadings,'" appear in the record, or are matters of public record, without converting the motion to a motion for summary judgment. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (quoting Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co., 967 F. Supp. 1148, 1152 (D. Minn. 1997)).

Defendant presents five arguments in support of its motion. Defendant cites res judicata, collateral estoppel, the Noerr-Pennington doctrine, the evidentiary standards established in Monsanto Co. v. Spray-Rite Svc. Corp., 465 U.S. 752 (1984) and inadequate pleading as grounds for dismissal. The court finds no

4

merit in defendant's first four arguments. However, because the complaint fails to allege the necessary elements of either a per se or a rule of reason violation of the antitrust laws, defendant's motion to dismiss is granted.

**II. Antitrust Claims**

    **A.    Sherman Anti-Trust Act Claim**

Section 1 of the Sherman Anti-Trust Act makes it unlawful to conspire to act in a manner that unreasonably restrains trade or commerce. 15 U.S.C. § 1; Nat'l Collegiate Athletic Assn. v. Bd. of Regents of the Univ. of Okla., 468 U.S. 85, 98 & n.17 (1984). To state a claim under section 1 of the Act, plaintiff must allege that defendant engaged in a conspiracy to restrain trade in an unreasonable manner. See State Oil Co. v. Khan, 522 U.S. 3, 10 (1997). To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), "'[t]he essential elements must be alleged in more than vague and conclusory terms.'" Double D Spotting Svc., Inc. v. Supervalu, Inc., 136 F.3d 554, (8th Cir. 1998) (quoting Crane & Shovel Sales Corp. v. Bucyrus-Erie Co., 854 F.2d 802, 805 (6th Cir. 1988)).

Certain restraints of trade are so "inherently anticompetitive" as to be deemed per se violations of the Act. Nat'l Collegiate, 468 U.S. at 100, 104. These include price fixing, market division, certain boycotting activities and so-called tying arrangements. See Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 768 (1984). Because per se violations

5

are presumptively unreasonable and harmful to competition, a complaint alleging a per se violation need not allege unreasonableness or resulting harm. See Worthen Bank & Trust Co. v. Nat'l BankAmericard Inc., 485 F.2d 119, 127 n.6 (8th Cir. 1973).

Allegations of anticompetitive practices that are not within an established per se category are considered under a "rule of reason" analysis. Double D Spotting, 136 F.3d at 558. A rule of reason analysis requires consideration of the relevant market structure and the defendant's strength within that market to determine whether the alleged restraint is unreasonable. See id. at 558. Thus, an assertion of the relevant market is an essential element of a rule of reason claim. See id. at 560 (plaintiffs bear the burden of defining the relevant market).

The complaint in this case alleges a vertical restraint of trade. Vertical restraints exist when "combinations of persons at different levels of the market structure, e.g., manufacturers and distributors" conspire to restrain competition. U.S. v. Topco Assoc., Inc., 405 U.S. 596, 608 (1972). Plaintiff alleges that defendant, a manufacturer, has illegally agreed with one or more of its distributors to impermissibly restrain competition. (Compl. ¶¶ 11-12 & 14-18.) If a vertical restraint does not relate to pricing, it is considered under a rule of reason analysis. See Double D Spotting, 136 F.3d at 559. If the vertical restraint relating to pricing is alleged, a per se analysis is appropriate.

See Business Elec. Corp. v. Sharp Elec. Corp., 485 U.S. 717, 735-36 (1988).

Here, the complaint baldly alleges that defendant's conduct constitutes "a per se violation of section 1 of the Sherman Act." (Compl. ¶ 20.) It does not, however, provide a factual basis for that assertion. The complaint alleges that other dealers complained about plaintiff's low pricing and that defendant conspired and agreed to not renew plaintiff's dealer agreement in order "to prevent competition." (Compl. ¶¶ 11-12 & 15-16.) It does not, however, allege the existence of an agreement between defendant and another dealership fixing prices. That omission is fatal to a per se vertical restraint claim, because the elements of an antitrust claim must be alleged in more than a conclusory fashion.[4] See Double D Spotting, 136 F.3d at 558. Accordingly, the complaint fails to state a claim under section 1 of the Sherman Anti-Trust Act.

**B.  State Law Claim**

The complaint also alleges a violation of Minnesota antitrust laws. (Compl. ¶ 24-28.) However, "Minnesota courts have consistently held that Minnesota antitrust law is to be interpreted consistently with the federal courts' construction of federal

---

[4] If plaintiff were to recast the complaint as alleging a rule of reason violation, it would nonetheless fail for want of market structure and market strength allegations. See Double D Spotting, 136 F.3d 560 (where no per se violation is established, plaintiff must allege a valid relevant market).

antitrust law." State by Humphry v. Alpine Air Products, Inc., 490 N.W.2d 888, 894 (1992); see also Minn. Twins P'ship v. State ex rel. Hatch, 592 N.W.2d 847, 851 (Minn. Ct. App. 1999) (holding same); Keating v. Phillip Morris, Inc., 417 N.W.2d 132, 136 (Minn. Ct. App. 1987) (same). In Alpine Air, the Minnesota Court of Appeals joined the federal courts in declaring that vertical price restraints constitute per se violations of the Minnesota antitrust statute. See Alpine Air, 490 N.W.2d at 894. Therefore, plaintiff's state law claim fails for the same reason its federal claim failed. Because the complaint does not plead the existence of a price fixing agreement, it does not state a proper claim under Minn. Stat. § 352D.51. Accordingly, dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Based upon the file, record and proceedings herein, and for the reasons stated, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss [Docket No. 16] is granted.
2. The action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 18, 2004

s/David S. Doty
David S. Doty, Judge
United States District Court