IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| HEINEN & MASON, INC., a Minnesota corporation,<br><br>      Plaintiff,<br><br>v.<br><br>POLARIS SALES, INC., a Minnesota corporation<br><br>      Defendant. | Civil No. 03-6388 (DSD/JSM)<br><br>**DEFENDANT POLARIS' MEMORANDUM IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES** |

## **INTRODUCTION**

Pursuant to Local Rule 54.3(b)(2) and Federal Rule of Civil Procedure 54(d), Defendant Polaris Sales, Inc. ("Polaris") submits this memorandum in support of its motion for an award of attorneys' fees, costs, expenses and disbursements (collectively "fees and costs") relating to its defense of Plaintiff's antitrust claims, which the Court dismissed with prejudice on May 18, 2004. Polaris is entitled these fees and costs under Section 19 of the parties' Dealer Agreement, which provides the following:

> In any action or proceeding relating to or arising out of this Agreement brought by either Party, whether such action or proceeding be founded upon contract, tort, statute, regulation, or otherwise, Polaris shall be entitled to recover from You [Heinen & Mason] its costs and expenses (including, but not limited to, reasonable attorneys' fees) of prosecuting and/or defending any such action or proceeding in which Polaris has substantially prevailed. For purposes of this Agreement, Polaris shall be considered to have "substantially prevailed" in such action or proceeding if its net recovery therein exceeds Your recovery in the same action or proceeding, or, in an action or proceeding in which Polaris is the defendant and has asserted no counterclaim against You, if You recover no damages (which for purposes of this Section does not include costs or attorneys' fees, even if the same are awarded by statute or other rule of law) from Polaris and fail to obtain any equitable relief against Polaris. This provision shall

>survive termination or non-renewal of this Agreement by either party for any reason.

(Dealer Agreement, attached as Exhibit A to the Affidavit of Kevin M. Magnuson ("Magnuson Aff.") at 14.)

This written, fully-integrated Dealer Agreement governs the relationship between Plaintiff Heinen & Mason, Inc. ("Heinen") and Polaris. Paragraph 20(a) of the Dealer Agreement contains a binding arbitration provision requiring the arbitration of any claims or disputes relating to the termination or nonrenewal of that Agreement:

> "***All disputes, controversies, and claims arising out of, or in connection with***, the execution, interpretation, performance, non-performance, or breach (including without limitation the validity, scope, enforceability, and voidability under any statute, regulation, ordinance, or ruling), or ***termination or non-renewal of this Agreement***, or any provision of this Agreement (including without limitation this arbitration provision and the arbitrability of any issue), or arising out of or in connection with any claimed duty, right, or remedy (whether arising under this Agreement or any statute, regulation ordinance, or other rule of law or otherwise) relating to any of the foregoing, ***shall be solely and finally settled by arbitration in Minneapolis, Minnesota, in accordance with the United States Arbitration Act (9 U.S.C. § 1 et. seq.), and the rules of the American Arbitration Association relating to commercial arbitration* . . . .**"

(*Id.* (emphasis added).) Polaris submitted a Demand for Arbitration in March, 2003 seeking a declaratory judgment that Polaris had the absolute right not to renew the Dealer Agreement. The parties arbitrated their dispute.

Following the close of arbitration proceedings and submission of the demand to the Arbitrator for ruling,[1] on December 4, 2003 Heinen filed a two-count complaint in this Court alleging that Polaris violated the Sherman Act and Minnesota antitrust law by seeking to allow Heinen's Dealer Agreement to lapse. (*See* Magnuson Aff., Ex. B.) Heinen moved for a

---

[1] During the course of this litigation, the arbitrator issued a final award in favor of Polaris.

preliminary injunction. Both sides fully briefed the issues and the Court heard oral arguments. In support of its motions, Polaris also submitted the deposition testimony of Paul Heinen, whose affidavit Heinen submitted with its motion, and the extensive affidavit of Kent Anderson, Vice-President and principle shareholder of Tri-K Sports, Inc., a Polaris dealer, who Heinen alleged met with other Polaris dealers in a purported effort to boycott Heinen, and . (*See* Magnuson Aff., ¶ 11.) This Court on February 11, 2004 denied Heinen's motion for preliminary injunction. (*See* Magnuson Aff., Ex. C.)

Polaris then moved to dismiss Heinen's claims. Again, both parties fully briefed the issues and presented oral arguments. (*See* Magnuson Aff., ¶ 12.) The Court on May 18, 2004 granted Polaris' motion to dismiss with prejudice. (*See* Magnuson Aff., Ex. D.)

On June 2, 2004, Polaris filed a Notice of Intent to Seek Attorney's Fees pursuant to Local Rule 54.3(b)(2) and Section 19 of the Dealer Agreement. Prior to filing, the parties agreed upon a proposed briefing schedule. Polaris now respectfully requests that the Court grant an award of the attorneys' fees and costs Polaris incurred in defending this lawsuit.

## ARGUMENT

The general rule is that attorneys' fees and costs are awarded only when authorized by statute or provided for by contract. *F. D. Rich Co., Inc. v. U. S. for Use of Indus. Lumber Co., Inc.*, 417 U.S. 116, 126, (1974) (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)); *Chicago Title Ins. Co. v. F.D.I.C.*, 172 F.3d 601, 604-605 (8th Cir. 1999) (citing *Rent-A-Scooter, Inc. v. Universal Underwriters Ins. Co.*, 173 N.W.2d 9, 12 (1969)). Attorneys' fees are available under Minnesota law if the contract specifically permits them or a statute specifically authorizes them. *Crowell v. Campbell Soup Co.*, 264 F.3d 756, 767 (8th Cir. 2001) (citing *Barr/Nelson, Inc. v. Tonto's, Inc.*, 336 N.W.2d 46, 53 (Minn. 1983)). A court may

base an award of fees exclusively on a dealer agreement between the parties which provides that the prevailing party in any litigation between the parties to the agreement entitles that party to recover its attorneys' fees. *See Anderson v. Chevron Corp.*, 190 F.R.D. 5, 7 (D.D.C. 1999) (upholding prior decision to grant fees).

"Where a contract authorized an award of attorney fees, courts will enforce such a provision as long as fees are reasonable." *Knapp v. Commonwealth Land Title Ins. Co., Inc.*, 932 F.Supp. 1169, 1172 (D. Minn., 1996) (Davis, J.) (citing *State Bank of Cokato v. Ziehwein*, 510 N.W.2d 268, 270 (Minn. Ct. App. 1994)). In deciding whether claimed fees are reasonable, the award of attorney's fees and costs rests within the discretion of the trial court. *Id.* 1172-73 (citing *Case v. Case*, 516 N.W.2d 570, 573 (Minn. Ct. App. 1994); *Reichert v. Union Fidelity Life Ins. Co.*, 360 N.W.2d 664 (Minn. Ct. App. 1985)). For example, a court found that an award of fees and costs of litigation pursuant to a dealer agreement were reasonable where attorneys represented in an affidavit that the client paid its counsel at the same rate the firm charges to its other clients for the same services. *See Firstar Bank, N.A. v. Faul Chevrolet, Inc.*, No. 00-C-4061, 2003 WL 548365, *7 (N.D. Ill., Feb. 25, 2003) (Magnuson Aff., Ex. G).

Section 19 of the Dealer Agreement provides that Polaris may recover fees if (a) "[ i]n any action or proceeding relating to or arising out of this Agreement," (b) "whether such action be founded upon contract, tort, statute, regulation or otherwise," (c) Polaris "substantially prevails." (*See* Magnuson Aff., Ex. A, at 14.) With respect to the first two requirements, Heinen alleged in this action that Polaris' efforts to nonrenew Heinen's Dealer Agreement violated Section 1 of the Sherman Act, 15 U.S.C. § 1, and Minn. Stat. § 525D.51. (*See* Complaint, Magnuson Aff., Ex. B, ¶¶ 20, 25.) Hence, the litigation, which sought an injunction preventing Polaris from terminating the Dealer agreement under federal and state antitrust law, falls

squarely within the ambit of section 19's fees provision. Furthermore, Polaris "substantially prevailed" in this action as the Court ruled in Polaris' favor with respect to both the motion for preliminary injunction and the motion to dismiss. Heinen has not challenged either of the Court's Orders. Polaris, therefore, is entitled under the Dealer Agreement to recover the costs and expenses, including reasonable attorney fees, associated with defending against this lawsuit.

Heinen's action required Polaris to respond to a motion for a preliminary injunction and to bring a motion to dismiss the action. The preliminary injunction motion required detailed analyses of the facts and posture of the dispute, extensive research and comprehensive memoranda of law regarding the burden of proof necessary to establish the need for an injunction, the effect of the arbitrator's determination of the Dealer Agreement termination date on the accrual of losses, the danger of irreparable harm, immediate or otherwise, and the likelihood of success on the merits of a complex antitrust claim. The Court heard oral argument on the preliminary injunction, necessitating significant preparation. (*See* Magnuson Aff., ¶ 11.)

Similarly, in the motion to dismiss the complaint, Polaris presented detailed arguments regarding the res judicata and collateral estoppel effect of the final arbitration award, the *Noerr-Pennington* doctrine, the evidentiary standards established in *Monsanto v. Spray-Right Svc. Corp.*, and the pleading standards under the antitrust laws. Each issue required significant research and analysis. Here too the Court heard oral argument. (*See id.*, ¶ 12.)

In support of its response to Heinen's motion for preliminary injunction and for Polaris' motion to dismiss, Polaris submitted the detailed affidavit of Kent Anderson, the Vice-President and principle shareholder of Tri-K Sports, Inc., a Polaris dealer, which contradicted many of Heinen's material assertions. Polaris also deposed Paul Heinen, the President of Heinen & Mason, whose affidavit set forth the allegations which formed the basis of Heinen's lawsuit.

Under oath at deposition, however, it became clear that Paul Heinen had no knowledge of facts sufficient to state an antitrust claim and that no irreparable risk of harm existed necessitating a preliminary injunction. Both the affidavit and the deposition testimony supported Polaris' claim that by seeking to nonrenew Heinen it had not violated the antitrust laws. (*See id.*, ¶ 13.)

Heinen is a large business. It represented in this litigation that it is "the single largest volume Polaris dealer in the world." (*See* Pl.'s Mem. in Supp. for T.R.O. and/or a Prelim. Inj., dkt #5, at 2.) And it retained capable and experienced counsel to conduct this litigation. Polaris retained counsel at Kirkland & Ellis and Briggs and Morgan who also are experienced lawyers concentrating their practices in the areas of antitrust and dealer law. (*See* Magnuson Aff., ¶¶ 1-8.) Polaris paid both Briggs and Morgan and Kirkland & Ellis counsel the same rate the firms charge other clients for the same services and counsel attests that the amount is representative of the cost of other similar litigation. (*See* Magnuson Aff., ¶¶ 19.)

The fees and costs associated with Polaris' defense reflect the complexity of the issues involved, the necessary experience of counsel and the length of the litigation.

## DESCRIPTION OF FEES AND COSTS

Attached to the affidavit of Kevin M. Magnuson as Exhibits E and F is the supporting documentation delineating the fees and costs Polaris incurred in this litigation. To summarize, counsel who rendered legal services and their billing rates are as follows:

| BRIGGS AND MORGAN, P.A. | | |
|---|---|---|
| **Attorney** | **2003 Rate** | **2004 Rate** |
| Kevin M. Magnuson | $180.00 | $195.00 |
| James J. Long | $310.00 | $325.00 |

| KIRKLAND & ELLIS, LLP ||
|---|---|
| **Attorney** | **Rate** |
| Andrew B. Bloomer | $375.00 |
| John F. Hagan | $340.00 |
| Leonid Feller | $275.00 |
| Troy R. Peters | $215.00 |

(*See* Magnuson Aff., ¶ 14.)  Total fees and costs incurred are as follows:

| ATTORNEYS' FEES |||
|---|---|---|
| Briggs and Morgan | 52.50 hours | $ 9,327.50 |
| Kirkland & Ellis | 375.00 hours | $88,008.75 |
| **Combined Total** | **429.50 hours** | **$97,336.25** |

(*See* Magnuson Aff., ¶ 15.)

| COSTS, DISBURSEMENTS & EXPENSES ||
|---|---|
| Briggs and Morgan | $1,494.15 |
| Kirkland & Ellis | $6,352.01 |
| **Combined Total** | **$7,846.16** |

| BRIGGS AND MORGAN, P.A. COSTS, DISBURSEMENTS & EXPENSES BREAKDOWN ||
|---|---|
| Air Express/Delivery | $ 327.00 |
| Duplicating/Supplies | $ 689.48 |
| Communications | $ 77.12 |
| Computer Research | $ 57.88 |
| Meals/Travel | $ 292.67 |
| Filing Fees | $ 50.00 |
| **TOTAL** | **$1,494.15** |

| KIRKLAND & ELLIS COSTS, DISBURSEMENTS & EXPENSES BREAKDOWN ||
|---|---|
| Air Express/Delivery | $ 18.50 |
| Duplicating/Supplies | $ 81.10 |
| Communications | $ 33.99 |
| Computer Research | $2,381.18 |
| Meals/Travel | $2,278.94 |
| Crt Reporter/Depositions | $1,558.30 |
| **TOTAL** | **$6,352.01** |

(*See* Magnuson Aff., ¶ 16.)

Polaris incurred a total cost of $105,182.41 for the defense of this litigation. (*See id.*, ¶ 18.)

## CONCLUSION

Heinen brought this litigation in spite of the clear consequences provided in section 19 of the Dealer Agreement should it not prevail. The Court rejected Heinen's allegations and under the terms of the agreement Polaris is entitled to recover the full cost of its defense.

Dated: June 14, 2004

**BRIGGS AND MORGAN, P.A.**

By _____
      James J. Long (#190858)
      Kevin M. Magnuson (#306599)
2200 IDS Center
80 South Eighth St.
Minneapolis, Minnesota 55402
(612) 977-8400

Andrew B. Bloomer
John F. Hagan, Jr.
Leonid Feller
Troy R. Peters
KIRKLAND & ELLIS
200 E. Randolph Drive
Chicago, IL 60601

**Attorneys For Polaris Sales Inc.**