UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 03-6388(DSD/JSM)

Heinen & Mason, Inc., a
Minnesota corporation,

       Plaintiff,

v.                                                   **ORDER**

Polaris Sales, Inc., a
Minnesota corporation,

       Defendant.

       Curtis D. Smith, Esq., Gregory J. Wiley, Esq. and Moss & Barnett, 90 South Seventh Street, Suite 4800, Minneapolis, MN 55402, counsel for plaintiff.

       Andrew B. Bloomer, Esq., John F. Hagan, Jr., Esq. and Kirkland & Ellis, 200 East Randolph Drive, Suite 600, Chicago, IL 60601 and James J. Long, Esq., Kevin M. Magnuson, Esq. and Briggs & Morgan, 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon defendant's motion for an award of contractual attorneys' fees and costs. For the following reasons, defendant's motion is granted as modified.

**BACKGROUND**

Plaintiff is a recreational vehicle and equipment dealership. Defendant manufactures snowmobiles, all-terrain vehicles and other recreational equipment. Plaintiff brought suit in this court

alleging defendant had violated federal and state antitrust laws. Plaintiff claimed that defendant sought to terminate the parties' long-standing dealer agreement for anti-competitive reasons. Defendant had initiated arbitration proceedings seeking a declaration of its contractual right not to renew the dealer agreement following the expiration of the current term. During the pendency of this action, the arbitrator ruled that the contract permitted defendant to terminate the parties' relationship by allowing the agreement to lapse.

Plaintiff initially moved for a preliminary injunction prohibiting defendant from terminating the parties' relationship. The court denied the motion. (Order of Feb. 11, 2004 at 5-8.) Defendant then moved to dismiss the action. The court granted defendant's motion because the complaint failed to sufficiently state either a per se or rule of reason antitrust claim. (Order of May 18, 2004 at 6-7.)

In accordance with the terms of the dealer agreement, Fed. R. Civ. P. 54(d) and D. Minn. LR 54.3(b)(2), defendant filed notice of its intent to recover its fees and costs and now brings the present motion.[1] Plaintiff opposes the motion as premature, or,

---

[1] The dealer agreement states:
> In any action or proceeding relating to or arising out of this Agreement brought by either Party, whether such action or proceeding be founded upon contract, tort, statute, regulation, or otherwise, [defendant]

(continued...)

2

alternatively as seeking unreasonably excessive fees and unreimbursable costs.

**DISCUSSION**

**I.  Standards on a Motion for Attorneys' Fees and Costs**

The district court may award fees and costs pursuant to a statute or contract. Crowell v. Campbell Soup Co., 264 F.3d 756, 767 (8th Cir. 2001); see also Barr/Nelson, Inc. v. Tonto's, Inc., 336 N.W.2d 46, 53 (Minn. 1983) (allowing contractual attorneys' fees under Minnesota law). Reasonable costs may also be awarded. See Benigi v. County of St. Louis, 585 N.W.2d 51, 54 (Minn. 1998). Because defendant moves for costs and fees pursuant to a contract, the court applies Minnesota law. See, e.g., Michael Foods, Inc. v. Allianz Ins. Co., 2003 WL 1956294, at *2 (D. Minn. Apr. 21, 2003) (applying Minnesota law to interpret contact formed in Minnesota). Under Minnesota law, contractual attorneys' fees must be reasonable. See O'Donnell v. McGee Trucks, Inc., 199 N.W.2d 432, 434 (Minn. 1972). Minnesota courts apply the lodestar method to determine

---

[1](...continued)
> shall be entitled to recover from You [plaintiff] its costs and expenses (including reasonable attorneys' fees) of prosecuting and/or defending any such action in which [defendant] has substantially prevailed. ***  This provision shall survive termination or non-renewal of this Agreement by either party for any reason.

(Magnuson Aff. Ex. A, § 19.)

whether a fee petition is reasonable. See Anderson v. Hunter, Keith, Marshall & Co., Inc., 417 N.W.2d 619, 628-30 (Minn. 1988).

Under the lodestar method, the court begins by multiplying the number of hours "reasonably expended on the litigation ... by a reasonable rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The court should exclude hours that were not reasonably expended in furtherance of the litigation. See Anderson, 417 N.W.2d at 629. In making the reasonableness determination, the court should consider whether the case presented novel, unusual or difficult problems of proof. See id. at 629. Moreover, where more than one lawyer works on the case, each lawyer's time must have been reasonably expended on the litigation. See id. at 629.

In the next step, the court must determine whether the hours expended were reasonably related to successful claims or defenses. See Musicland Group, Inc. v. Ceridian Corp., 508 N.W.2d 524, 535 (Minn. Ct. App. 1993). A prevailing party generally will not be reimbursed for time expended on unsuccessful claims. See id. at 535. If, however, unsuccessful claims are closely related to successful claims, it may be difficult to separate hours on a claim-by-claim basis. In that circumstance, the court is not required to reduce the award. See id. at 535. Finally, the motion must be supported by sufficiently-detailed documentation identifying the

4

time expended on each claim, the rate charged for each hour billed and the actual services provided.  See Minn. Gen. R. Prac. 119.02; Fed. R. Civ. P. 54(d)(2)(B); D. Minn. LR 54.3(b)(1).

## II. Defendant's Claim for Fees

Defendant seeks fees in the amount of $97,336.25 and costs of $7,846.16.  Defendant was represented by both local and out-of-state counsel.  Local counsel claims fifty-two and one half hours at an average hourly rate of $177.67.  Non-local counsel claims 375 hours at an average rate of $234.69.  Defendant moves for costs and expenses for such things as air express delivery, duplicating, office supplies, communications, computer research, meals and travel, court filing fees and transcription fees.

## III. Plaintiff's Objections

Plaintiff challenges the timeliness of the motion and the reasonableness of the fees and costs sought.  Plaintiff asserts that the motion is premature, because it has filed notice of appeal of the dismissal of its action.  Notice of appeal does not divest the district court of jurisdiction over collateral matters that are not the subject of appeal.  See Harmon v. United States Through Farmers Home Admin., 101 F.3d 574, 587 (8th Cir. 1996); Bailey v. Runyon, 50 F. Supp. 2d 891, 893 (D. Minn. 1999).  Accordingly, defendant's motion is not premature.

Plaintiff also contends that defendant's fees are unreasonably excessive.  It challenges the total number of hours expended

5

relative to the scope of the litigation, the number of hours expended on meritless defenses, the rates charged by non-local counsel compared to typical rates in this area, the rates charged by non-local counsel relative to each attorney's level of experience, and the appropriateness of several components of defendant's motion for costs.

**A. Total Hours Excessive**

Plaintiff argues that the total hours claimed are excessive in light of the limited discovery and briefing required in the case. It notes that four defense attorneys "spent a total of more than 175 hours on preparing the opposition to [plaintiff's] motion for a TRO/preliminary injunction." (Pl.'s Mem. Opp'n Mot. Fees at 5.) Plaintiff also challenges the sixty-eight hours defense counsel spent briefing the motion to dismiss. (Id. at 5.) The court has carefully reviewed the itemized invoices and billing summaries submitted by local and non-local counsel. Given the complex nature of antitrust law, the court cannot say that the total hours expended were unreasonably excessive.

**B. Hours Expended on Meritless Defenses**

Plaintiff argues that defendant's fee request should be reduced because defendant prevailed on the basis of only one of its defenses. Defendant raised five legal theories in opposition to

plaintiff's motion for preliminary injunction and in support of its motion to dismiss. The court dismissed the action on the basis of only one of defendant's arguments. (Order of May 18, 2004 at 4-5.)

Minnesota courts have endorsed the Hensley approach to fee petitions. See Specialized Tours, Inc. v. Hagen, 392 N.W.2d 520, 542 (Minn. 1986). The Hensley Court held that hours not expended "in pursuit of the ultimate result achieved" should be excluded from the fee calculation. Hensley, 461 U.S. at 435 (internal quotations omitted). However, where a case involves related legal theories and a common core of facts, the action "cannot be viewed as a series of discrete claims." Id. at 435. In those circumstances, the district court should consider the relationship between the result obtained and the fee charged. See id. at 435. Here, defendant obtained the all the relief it sought, first in opposition to the motion for a preliminary injunction, and, second on its motion to dismiss. Defendant was presumably prepared to pay the same fee to counsel had it not prevailed on those motions. Considered in light of the results obtained, the fee cannot be deemed unreasonable.

**C. Rates Charged By Non-local Counsel**

Plaintiff argues that non-local counsel's rates were excessive compared to fees generally charged for similar work in this geographic area. Plaintiff also argues that non-local counsel's fees are excessive relative to each attorney's experience. By comparison, the most senior non-local attorney, a partner with

7

eleven years' experience, charged approximately twenty-percent more than a locally-based partner with twenty years' experience. Similarly, a four-year associate from the non-local firm billed at a rate almost fifty-percent higher than a local associate with five years' experience.

Defendant argues that non-local counsel had represented it though the arbitration proceedings and was familiar with the complexities of the dealer agreement, the parties' relationship and the nature of the underlying lawsuit. The court does not agree that non-local counsel's involvement in an arbitration dealing solely with the interpretation of the dealer agreement justifies imposing the additional cost of defendant's decision to employ on plaintiff. See Avalon Cinema Corp. v Thompson, 689 F.2d 137, 140 (8th Cir. 1982) (unless local counsel with appropriate expertise is unavailable, a "reasonable rate" is reflected by rates in the community). The court is familiar with local counsel for defendant and with other area law firms, any of which could have ably represented defendant in this action. Given local counsel's size, experience and reputation, the court finds that its rates fairly represent reasonable rates for these kinds of matters in this community. Accordingly, non-local counsel's rates will be adjusted to match local counsel's rates of $325 per hour for partners and

$195 per hour for associates.[2] See Alexander v. City of Minneapolis, 545 F. Supp. 586, 590 (D. Minn. 1982) (reducing out-of-town counsel's rates to match those of local counsel).

**D. Cost Components Not Recognized in this District**

Plaintiff asserts that defendant seeks reimbursement for costs that are not generally taxable in this district. Pursuant to the federal rules, costs are awarded to prevailing parties as a matter of course. Fed. R. Civ. P. 54(d). However, the dealer agreement states that "[defendant] shall be entitled to recover from [plaintiff] its costs *and expenses* (including, but not limited to, reasonable attorneys' fees) of prosecuting and/or defending any ... action or proceeding in which [defendant] has substantially prevailed." (Magnuson Aff. Ex. A ¶ 19) (emphasis added). Unlike Rule 54(d), the dealer agreement includes the word "expenses" in addition to the word "costs." Under Minnesota law, the court must interpret the contract so as to give meaning to all of its terms. See Indep. Sch. Dist. No. 877 v. Loberg Plumbing & Heating Co., 123

---

[2] The court notes that non-local counsel's invoice dated March 1, 2004, appears to reflect a discount or an error of $20,000. (Magnuson Aff. Ex. F at 1-2.) If the court applied the hourly rate adjustments to the March 1, 2004 invoice without the $20,000 reduction, the result would be $68,120. Because non-local counsel has agreed to accept the lesser amount of $57,353.75, that invoice will not be changed. The hourly rates for the March 17, 2004 and April 19, 2004 invoices will be adjusted in accordance this order. The fee for legal services on the March 17, 2004 invoice is reduced to $13,520. The fee for legal services on the April 19, 2004 invoice is reduced to $14,755.

9

N.W.2d 793, 799-800 (Minn. 1963). Accordingly, the term "expenses" means something other than "costs."

Words in a contract are generally given their ordinary meaning, but unless a different meaning is indicated, terms of art are given their technical meaning. See <u>State v. Lake Mining Co.</u>, 67 N.W.2d 669, 672 (Minn. 1954). The terms "costs" and "expenses" are not synonymous in the law. "'Costs' refer to those charges that one party has incurred and is permitted to have reimbursed ... as part of the judgment in the action" pursuant to Federal Rule of Civil Procedure 54(d). 10 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 2666. Expenses, on the other hand, "include all the expenditures actually made by a litigant in connection with the action." <u>Id.</u> Based on the language of the dealer agreement, the court finds that plaintiff is required to reimburse defendant for expenses that are not otherwise taxable under the federal civil rules and the rules of this court. The motion for costs and expenses is granted.

**CONCLUSION**

Based on the file and record in this matter, and for the reasons stated, **IT IS HEREBY ORDERED** that:

1. Defendant's motion for attorneys' fees and costs [Docket No. 31] is granted as modified.

2. Plaintiff shall pay to defendant $94,956.25 for attorneys' fees and $7,846.16 for costs and expenses.

3. Plaintiff shall make payment to defendant not later than August 25, 2004.

Dated: July 27, 2004

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court